NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                        :      Chapter 7

In re:                                :

                                       :      Case No. 20-35636   (CGM)

    Charles Sessoms,              :

                             Debtor.    :

-----------------------------------------------------------------X

-----------------------------------------------------------------X
Drink Up, LLC                       :

                                       :      Adv. No. 21-09005 (CGM)

                          Plaintiff,    :

v.                                       :

Charles Littleton Sessoms         :

                          Defendant   :
-----------------------------------------------------------------X

## MEMORANDUM DECISION DENYING DEBTOR A DISCHARGE

**A P P E A R A N C E S :**

ALEX SPIZZ
Tarter Krinsky & Drogin LLP
1350 Broadway, New York, NY 10018
Attorneys for Plaintiff

CHARLES LITTLETON SESSOMS, pro se

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

       The plaintiff, Drink Up, LLC ("Drink Up" or "Plaintiff"), commenced this adversary proceeding against Charles Littleton Sessoms ("Debtor") seeking a denial of the Debtor's discharge under §§ 727(a)(2)(A) (concealment of property) and 727(a)(4)(A) (false oath or account). Alternatively, Drink Up alleged that its debt was nondischargeable under §§

523(a)(2)(A) (false pretenses, false representations, or fraud) and 523(a)(2)(B) (materially false statement in writing respecting debtor's financial condition on which creditor relied). The parties proceeded to discovery and this Court entered a joint-pre-trial order on January 27, 2022. No dispositive motions were filed, i.e., motion to dismiss, motion for summary judgment. Thus, Plaintiff's ten causes of action alleged in his complaint remain viable. The Court held an in-person trial over a period of two days in March 2022 ("Trial").[1] For the reasons stated below, the Court denies the Debtor a discharge under § 727(a)(2)(A) counts five and eight; and under § 727(a)(4)(A) counts one and four.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

## Background

Dispute Leading to Drink Up's Claim[2]

On June 30, 2020, Debtor filed for Chapter 7 relief. On July 13, 2020, Drink Up filed a proof of claim totaling $4,728,730. The claim arises from a series of loans that Drink Up made to another company, Nexbev. Nexbev was a corporation managed by the Debtor. The Debtor personally guaranteed the loans requested by Nexbev from Drink Up. Amended Compl., ¶ 22, ECF No. 11.[3]

---

[1] The Court heard closing arguments over Zoom in April 2022.
[2] The facts in the following paragraph are alleged in Drink Up's second amended complaint and deemed admitted in Debtor's second amended answer.
[3] Unless otherwise specified, references to this Court's electronic docket ("ECF") are to the docket of adversary proceeding, 21-09005-cgm.

### Discussion
### I. Whether the Debtor's Discharge is Denied under § 727(a)(2)(A)

The Plaintiff alleges two causes of action under § 727(a)(2)(A).

1. Fifth Cause of Action

To establish a claim under § 727(a)(2)(A), the objecting party must show that "The debtor, (1) with intent to hinder, delay, or defraud a creditor (2) transfers, removes, destroys, mutilates, or conceals, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, (3) property of the debtor (4) within one year of the petition date." *In re Shah*, No. 07-13833, 2010 WL 2010824, at *7 (Bankr. S.D.N.Y. 2010). "Section 727 (a)(2) is intended to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets." 6 Collier on Bankruptcy § 727.02 (16th 2021). "The plaintiff must establish an actual intent to hinder, defraud, or delay; constructive fraudulent intent cannot be the basis for denial of discharge" under § 727(a)(2). *In re Klutchko*, 338 B.R. 554, 570 (Bankr. S.D.N.Y. 2005). Fraudulent intent may be established by circumstantial evidence. *Id.* The objecting party must prove his case by a preponderance of the evidence. *Grogan v. Garner*, 498, U.S. 279, 285 (1991).

The Court must also consider the following competing principles. Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor to promote the bankruptcy goal of providing a "fresh start" for debtors. *In re Jacobowitz*, 296 B.R. 666, 670 (Bankr. S.D.N.Y. 2003). On the other hand, "a discharge is a **privilege accorded only to the honest** but unfortunate debtor." *In re Klutchko*, 338 B.R. 554, 568 (Bankr. S.D.N.Y. 2005) (emphasis added). With these principles in mind, the Court now turns to the facts of this case.

Plaintiff argues that Debtor violated § 727(a)(2)(A) by concealing his salary from Nexbev as loans. The Plaintiff argues that the Debtor did not receive any funds from his position as President of Nexbev. Instead, the Debtor treated payments by Nextbev as loans. Plaintiff argues that the Debtor concealed his true income from creditors by never declaring an income. At Trial, the Debtor testified that he was the President and CEO of NexBev. Tr. at 17:22–18:3, ECF No. 47. The Debtor testified that he never took a salary from NexBev. Tr. at 18:6–13. Rather, the Debtor had NexBev loan the Debtor $200,000 to $240,000 that the Debtor used for his personal expenses. Tr. at 18:23–24.[4]

Denial of discharge is warranted under § 727(a)(2)(A). *Coady v. D.A.N. Joint Venture III, L.P.* (*In re Coady*), 588 F.3d 1312, 1315 (11th Cir. 2009) (denying debtor a discharge under § 727(a)(2)(A) when the debtor drew no salary from his wife's business and "diverted the fruits of his labor to increase the value of his wife's business."); *In re Hiett*, 519 B.R. 341, 354 (Bankr. M.D. Ala. 2014) (denying debtor a discharge under § 727(a)(2)(A) and holding that the debtor intended to conceal his assets from creditors by failing to draw a salary from the corporation he managed). Like the debtors in *Coady* and *Hiett*, the Debtor in this case deliberately chose not to withdraw a salary from his corporation to avoid creditors. This concealment of assets occurred during the year preceding the Debtor's bankruptcy at a time when Drink Up had a pending state court action in the Minnesota state court against the Debtor. Tr. at 72:23–73:1. As to the fifth cause of action, discharge is denied under § 727(a)(2)(A).

---

[4] The Plaintiff later impeached the Debtor with testimony from his 341 meeting where the Debtor stated that he received loans totaling $308,000. Tr. at 21:23–25. The Debtor never explained this discrepancy.

2. Eighth Cause of Action

Plaintiff argues that the Debtor violated § 727(a)(2)(A) when he transferred his 43% membership interest in Refocus HPV, LLC ("Refocus") to his sister without consideration. The Debtor's sister, Charlene Sessoms, founded Refocus on February 3, 2020. Sessoms Decl., ¶ 5.[5] Refocus is a company that provides all-natural healthy products such as drinks, yogurts and similar products. *Id.* ¶ 4. Initially, Debtor was to be the CEO of Refocus. *Id.* ¶ 9. When Refocus was created, the Debtor was provided with a 43% membership interest in Refocus. Sessoms Decl., ¶ 10. Soon after forming Refocus, Charlene and other Refocus partners learned that Charles was involved in litigation with Drink Up. On February 23, 2021, Charlene and other Refocus Partners decided that Charles could not work for Refocus and vested 100% of the ownership in Charlene. *Id.* ¶ 14. The Debtor filed for Chapter 7 relief three months later and failed to include his prior interest in Refocus.

At Trial, the Debtor acknowledged that he failed to disclose Refocus on his schedules as an interest he had within four years before the bankruptcy.

> **Plaintiff:** Okay. Thank you. And you did not list that interest in Refocus on your schedules, in answer to question number 27.
>
> **Debtor:** Right, because at the time of filing I was no longer part of the company.
>
> **Plaintiff:** But this asks whether or not within the four years before bankruptcy, and the interest you did have in Refocus you had within the four years before bankruptcy, correct?
>
> **Debtor:** Correct.

---

[5] The Debtor's Declaration is part of the trial record and marked as Pl's Ex. 8.

Tr. at 29:24–30:2, ECF No. 47. The Debtor later admitted that when he amended his schedules—with the assistance of counsel—he failed to include Refocus as an interest. Tr. at 42:15–18. The Debtor also conceded that he transferred his forty-three percent interest in Refocus to his sister for no consideration in February 2021. Tr. at 90:1–7.

The Debtor's failure to disclose the transfer of Refocus also warrants denial of discharge under § 727(a)(2)(A) as to the eighth cause of action. The Debtor admitted that he had an interest in Refocus within one year prior to the bankruptcy and that he transferred that interest to his sister for no consideration. Tr. at 42:15–18; Tr. at 90:1–7. The Debtor failed to disclose this transfer in his schedules. The failure to disclose the Refocus transfer, the lack of consideration, and the transfer to a family member indicates to the Court that the Debtor made the transfer with the intent to defraud his creditors.

## II. Whether the Debtor's Discharge is Denied Under § 727(a)(4)(A)

Section 727(a)(4)(A) provides that "The court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." 11 U.S.C. § 727(a)(4)(A). It is well established that to prove an objection to discharge under § 727(a)(4)(A), the creditor must prove the following by a preponderance of the evidence: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *In re Klutchko*, 338 B.R. 554, 567 (Bankr. S.D.N.Y. 2005). "The false oaths recognized under this subsection could have been made in schedules, statement of affairs, or statements during examinations." *In re Gardner*, 384 B.R. 654, 667 (Bankr. S.D.N.Y. 2008).

In this case, Plaintiff alleges six causes of action under § 727(a)(4)(A). Most of the counts are duplicative of each other.

1. First Cause of Action

"There is considerable overlap between application of sections 727(a)(4)(A) and 727(a)(2)." *In re Klutchko*, 338 B.R.at 570. Plaintiff argues that the Debtor violated § 727(a)(4)(A) when the Debtor intentionally failed to list two assets in his schedules. The Debtor did not disclose (a) a joint bank account with his wife and (b) a Coca-Cola pension from his former employer.

   a. Joint Bank Account

At Trial, the Plaintiff questioned the Debtor about the joint bank account omission on his bankruptcy petition:

> **Plaintiff:** And you list a Chase Bank account, a personal Chase Bank Account?
>
> **Debtor:** Yes.
>
> **Plaintiff:** Did you, at the time of the filing of the petition, have another bank account, a joint bank account with your wife at Citibank?
>
> **Debtor:** Yes.
>
> **Plaintiff:** And that was not disclosed on here, was it not?
>
> **Debtor:** No, it was not.

Tr. at 16:2–10, ECF No. 47. At Trial, the Debtor acknowledged that his amended schedules continued to exclude the joint Citibank account that he had with his wife.

> **Plaintiff:** You did not list the Citibank joint account that you had with your wife at the time of the petition, correct?
>
> **Debtor:** Correct.

The Debtor's failure to list his joint bank account with his wife warrants denial of discharge under § 727(a)(4)(A) as to count one.  The Court emphasizes that "the purpose behind 11 U.S.C. § 727(a)(4) is to enforce debtors' duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate. Bankruptcy Trustees lack the time and resources to play detective and uncover all the assets and transactions of their debtors."  *In re Klutchko*, 338 B.R. at 568 (quoting *In re Murrary*, 249 B.R. 223, 231 (E.D.N.Y. 2000).  The Debtor's omission of the joint bank account is material as it relates to the Debtor's property.  *In re Mick*, 310 B.R. 355, 261 (D. Vt. 2004) (holding that a material matter is "one bearing a relationship to the debtor's business transactions or estate, or which lead to the discovery of assets, business dealings, or existence or disposition of property.").  Count one under § 727(a)(4)(A) is granted.

  b. Coca-Coca pension under First[6] and Fourth Cause of Action[7]

As for the Coca-Cola pension, the Debtor did not list his Coca-Cola pension of $187,000 in his initial schedules.  At trial, the Plaintiff questioned the Debtor about the omission.

| | |
|---|---|
| **Plaintiff:** | And paragraph 21 requires you to list any retirement or pension accounts that you have, correct? |
| **Debtor:** | Correct. |
| **Plaintiff:** | And you put none. |
| **Debtor:** | Correct. |

---

[6] The Plaintiff mixes up his first count with two different omissions: (a) omission of the joint bank account; and (b) omission of the pension.  The Court must analyze these omissions separately.

[7] The first cause of action concerns the Debtor's failure to disclose the pension on his schedules. Under the fourth cause of action, the allegation is that the Debtor failed to disclose the pension at the Rule 2004 exam.

Tr. at 17:3–17, ECF No. 47.  At the Trial, the Plaintiff introduced into evidence letters[8] from Debtor's former employer, Coca Cola.  A September 28, 2020 letter stated:

> Dear Charles Sessoms,
> Our records indicate you are entitled to receive a vested benefit from the Coca-Cola Company Pension Plan.

The Debtor adequately explained that the failure to disclose the Coca Cola pension on his initial schedules was unintentional.  The Court agrees.  The Debtor convincingly testified that at the time of his filing—June 16, 2020—he believed that he did not have a pension as he had cashed in all of his 401(k)'s when he left Coca Cola to start a business.  Tr. at 31:15–16.  The Debtor then explained that Coca Cola's letter from September 28, 2020 first notified him of a potential pension.  The Court finds this testimony credible and count one under § 727(a)(4)(A) is granted in the Debtor's favor.

However, even though the Debtor ultimately disclosed the pension, the Debtor did not adequately explain why he failed to disclose the Coca Cola pension at his Rule 2004 examination. The Rule 2004 examination occurred on December 11, 2020—after the September 28, 2020 letter from Coca Cola first notified the Debtor of his pension.  At the Rule 2004 examination, the Debtor failed to disclose the existence of the Coca Cola pension.  Tr. at 35:1–25.  Eventually, the Debtor amended his schedules on July 13, 2021, and listed the Coca-Cola pension.  Denial of discharge is granted under § 727(a)(4)(A) as to count four.

2. Second, Third, and Seventh causes of action

Drink Up argues that the Debtor failed to disclose his interest in Refocus in his statement of financial affairs, at the 341 meeting of creditors, and in his rule 2004 examination.  The Court has already denied the Debtor a discharge for concealment of Refocus under § 727(a)(2)(A).

---

[8] The Coca Cola letters are part of the trial record and marked as Pl's Ex. 8–9.

The Court need not make a separate determination under § 727(a)(4)(A).  The Court will only emphasize that the Debtor's omissions were pervasive in this case.  *See Stathopoulous v. Bostrom*, 286 B.R. 352, 360–61 (Bankr. N.D. Ill. 2002) (holding that "there comes a point when the aggregate errors and omissions cross the line past which a debtor's discharge should be denied.").  In this case, the Debtor made multiple omissions in his schedules.  Even when the Debtor obtained counsel, he failed to remedy the joint bank account omission and the Refocus omission.

### III. Whether the Debtor's Debt Owed to Drink Up is Nondischargeable Under § 523(a)(2)(A) or 523(a)(2)(B)

The ninth and tenth causes of action allege that Debtor's debt owed to Drink Up is nondischargeable under §§ 523(a)(2)(A) or 523(a)(2)(B).  Drink Up argues that it was induced to loan money to the Debtor's company, Nexbev, under false pretenses and statements made by the Debtor.  The Court has already determined that the Debtor's discharge should be denied under counts one, four, five, and eight.  Thus, the Court is not required to rule on the § 523 counts.  *See In re Nazarro*, 2013 WL 145627, at *11 (Bankr. E.D.N.Y. 2013) (denying the debtor a discharge under § 727(a)(2) and refusing to rule on the § 523 counts).  The Court notes that a denial of the Debtor's discharge under § 727(a)(2) ensures that all debts incurred prior to the Debtor's petition date are nondischargeable in a future bankruptcy case.  11 U.S.C. § 523(a)(10); 4 Collier on Bankruptcy § 523.16 (16th 2022) ("Denial or waiver of a discharge in a prior case, for the most part, makes debts then existing debts nondischargeable in a subsequent case, even though a discharge is obtained in the subsequent case.").

### Conclusion

The Debtor is not entitled to a discharge of his debts.  The Plaintiff has met his burden by a preponderance of the evidence and the Court finds in favor of the Plaintiff on counts five and

eight under § 727(a)(2)(A) and count four under § 727(a)(4)(A). The Debtor's discharge is also denied under §727(a)(4)(A) as to count one in part for the omission of the joint bank account. The remaining causes of action are dismissed. A discharge will not be denied under counts two, three, six, and seven pursuant to § 727(a)(4)(A). A discharge will not be denied under the ninth and tenth causes of action pursuant to §§ 523(a)(2)(A) and 523(a)(2)(B). The Plaintiff shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: June 6, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**